# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV468-C

| | |
|---|---|
| **MICHAEL R. FARMER and YOLANDA RENEE FARMER,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **MEMORANDUM AND ORDER** |
| **ENPROTECH MECHANICAL SERVICES, INC.,** ) ) ) | |
| **Defendant.** ) ) ) | |

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Join Freightliner of Gastonia, LLC as a Party Plaintiff" (document #8) filed December 31, 2008. On January 20, 2009, Defendant Enprotech Mechanical Services, Inc. filed its ". . . Memorandum in Opposition . . ." (document #11). Freightliner of Gastonia, LLC filed a ". . . Memorandum in Opposition . . ." (document #12) on the same date. The Plaintiffs have not filed a reply and the time for doing so has expired.

This Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will **deny** the Plaintiffs' "Motion to Join Freightliner of Gastonia, LLC as a Party Plaintiff," as discussed below.

This is an action alleging that Plaintiff Michael R. Farmer suffered "severe, painful, and permanent injuries" through the Defendant's alleged negligence in installing a heavy brake assembly at the plant facility of Freightliner of Gastonia, LLC (Mr. Farmer's employer). Plaintiff Yolanda

Renee Farmer, Michael R. Farmer's wife, alleges loss of consortium as the basis for her claim.

The Plaintiffs seek to add Mr. Farmer's employer as a party-plaintiff in this action to address the Defendant's affirmative defense alleging Freightliner's negligence in the incident which caused Mr. Farmer's injury. The Plaintiffs argue that adding Freightliner as a party-plaintiff "will allow and require [it] to address its own alleged negligence rather than shifting that responsibility, as a practical matter, to the plaintiffs." The only authority cited in favor of the requested relief is Federal Rule of Civil Procedure 19(a), which provides that a "Required Party" must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In a nutshell, Freightliner of Gastonia is not a required party under any of Rule 19's provisions. Indeed, North Carolina's Workers' Compensation Act provides that in an action such as the subject one, where a defendant has alleged the concurrent negligence of an employer as an affirmative defense, "[t]he employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as to this issue as fully as though he were a party although not named or joined as a party to the proceeding." N.C. Gen. Stat. § 97-10.2(e). Thus, Freightliner will be able to protect its interests without becoming a party to the action and this responsibility will not be shifted to the Plaintiffs.

Accordingly, the Plaintiffs' "Motion to Join Freightliner of Gastonia, LLC as a Party Plaintiff" (document #8) is **DENIED**.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties, <u>and</u> to counsel for Freightliner of Gastonia (Lane Matthews, Stiles Byrum & Horne, The Arlington, Suite 650, 325 Arlington Avenue, Charlotte, NC 28203), <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: February 13, 2009

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge