UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV468-RJC-DSC

MICHAEL R. FARMER and YOLANDA )
RENEE FARMER, )
)
        Plaintiff, )
)
v. ) **MEMORANDUM AND ORDER**
)
ENPROTECH MECHANICAL )
SERVICES, INC., )
)
        Defendant. )
)

**THIS MATTER** is before the Court on the "Defendant's Motion to Compel/Exclude [including argument]" (document #17) filed April 24, 2009. Plaintiffs have not responded to the subject motion and the time for filing a response has expired.

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for the Court's consideration.

Plaintiffs Michael R. Farmer and his wife Yolanda Renee Farmer seek to recover damages from the Defendant Enprotech Mechanical Services, Inc. following an injury to Plaintiff Michael Farmer allegedly caused by Defendant's negligence.

Relevant to the subject Motion, on December 23, 2008, Defendant served its First Set of Interrogatories and Request for Production of Documents on Plaintiffs. Sometime in mid-January 2009, Plaintiffs' counsel requested an informal extension of time to respond to Defendant's discovery requests and defense counsel agreed to an extension through February 26, 2009.

On March 10, 2009, not having received any responses from Plaintiffs, Defendant's counsel

sent Plaintiffs' counsel a letter requesting responses to discovery as well as mutually convenient dates for deposition of Plaintiffs. Plaintiffs' counsel has not responded to this letter.

According to the Case Management Plan and Pretrial Order (document #6), Plaintiffs' designation of expert(s), if any, and those experts' written reports were due on March 6, 2009.

Sometime prior to April 1, 2009, defense counsel spoke to Plaintiffs' counsel and again requested the overdue discovery responses. Defense counsel credibly asserts that Plaintiffs' counsel promised to "get back with" Defendant's counsel concerning Plaintiffs' designation of experts, discovery responses, and dates for depositions.

On April 1, 2009, having heard nothing further from Plaintiff's counsel, Defendant's counsel sent Plaintiffs' counsel another letter requesting a prompt response

On April 24, 2009, the Defendant filed the subject Motion to Compel/Exclude, seeking an Order compelling Plaintiff to provide the long overdue responses and/or excluding any unproduced information, including any proposed expert testimony, from trial of this matter.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c)

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing discovery sanctions or dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these legal principles to this case, and recognizing that Plaintiffs have not been warned previously of the likely consequences of their failure to perform their responsibilities as litigants, the undersigned will grant the Defendant's Motion to Compel, but will withhold recommending imposition of discovery sanctions pending Plaintiffs' compliance with this Order.

Accordingly, the undersigned warns Plaintiffs and their counsel that any failure to respond to Defendant's Interrogatories and Requests to Produce, to appear for their depositions, to respond to any other of Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions. **Sanctions can include Plaintiffs and/or their counsel being required to pay Defendant's costs, including reasonable attorneys' fees, and may also include dismissal of the Complaint with prejudice**.

**NOW THEREFORE, IT IS ORDERED**:

1. "Defendant's Motion to Compel/Exclude" (document #17) is **GRANTED IN PART** and **DENIED IN PART**, that is:

   a. Plaintiffs are **ORDERED** to serve complete responses to Defendant's First Set of Interrogatories and Request for Production of Documents and their Expert Disclosures on or before June 8, 2009.

   b. Plaintiffs are **ORDERED** to appear for their depositions at a mutually agreed date, time and place on or before June 22, 2009, provided that if the parties are unable to agree as to a date, time and/or place, the depositions shall be conducted at the date, time, and place noticed by Defendant.

2. The Defendant's expert disclosure and report deadline is extended to June 30, 2009, the discovery deadline is extended to July 15, 2009, and the dispositive motions deadline is extended to August 15, 2009.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: May 13, 2009

David S. Cayer
United States Magistrate Judge