UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV468-RJC-DSC

MICHAEL R. FARMER and YOLANDA )
RENEE FARMER, )
)
        **Plaintiff,** )
)
        v. )        <u>ORDER</u>
)
ENPROTECH MECHANICAL )
SERVICES, INC., )
)
        **Defendant.** )
)

**THIS MATTER** is before the Court on the "Defendant's Motion for Sanctions and an Extension Within Which ... [to] Identify Its Experts and Serve Its Accompanying Report" (document #19) filed July 29, 2009; and the parties' associated briefs and exhibits. ( documents ## 20, 24, 25, 26 and 29.)  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for the Court's consideration.

Plaintiffs Michael R. Farmer and his wife Yolanda Renee Farmer seek to recover damages from Defendant Enprotech Mechanical Services, Inc. following an injury to Plaintiff Michael Farmer allegedly caused by Defendant's negligence at a work site of Plaintiff's then-employer, Freightliner of Gastonia, LLC.  Specifically, Plaintiff was injured when a crane apparently owned by Freightliner and operated by Defendant Enprotech collapsed. Plaintiff alleges that the accident was a result of Defendant's negligent use and operation of the crane.

In the subject Motion, Defendant complains that certain portions of the crane which it requested in its July 8, 2009 Request for Production have not been produced or made available for

inspection. Defendant seeks the exclusion of any evidence relating to or arising from those "missing" parts of the crane. In its Surreply, Freightliner credibly represents that all parts of the crane that were within the scope of Defendant's Request for Production and the subject Motion – a chain, two metal plates, and "other portions of the lifting device" – have been found and made available to Defendant and its expert(s) for inspection.

Although Defendant complains in its Reply brief that another piece of equipment – the receiver/transmitter portion of the radio control that controlled the crane – still has not been located, the undersigned notes that this item was not mentioned in Defendant's Request for Production or its Motion for Sanctions. Freightliner states that notwithstanding Defendant's belated request for production of this item, it is attempting to locate the receiver/transmitter with the assistance of its crane maintenance contractor. Freightliner further states that if the receiver/transmitter is located, it will be produced promptly.

**NOW THEREFORE, IT IS ORDERED**:

1. "Defendant's Motion for Sanctions and an Extension Within Which ... [to] Identify Its Experts and Serve Its Accompanying Report" (document #19) is **GRANTED IN PART** and **DENIED IN PART**, that is:

A. Defendant's expert disclosure and report deadline is extended to October 30, 2009, the discovery deadline is extended to November 30, 2009, and the dispositive motions deadline is extended to December 30, 2009.

B. Defendant's Motion is otherwise **DENIED WITHOUT PREJUDICE** to its right to renew its Motion should Freightliner fail to comply with the representations it made in its Surreply.

2. The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: October 6, 2009

David S. Cayer
United States Magistrate Judge